**OHIO FARMERS INSURANCE CO., Plaintiff-Appellee, v. McNEIL, Defendant-Appellant.**

Common Pleas Court, Hamilton County.

No. A-147409.   Decided May 15, 1956.

Fred L. Hoffman, for defendant-appellant.
Edward J. Utz, for plaintiff-appellee.

## OPINION

By BELL, J.:

This case is in this court on appeal on questions of law.  The case arose in the Municipal Court of the city of Cincinnati.

The plaintiff filed its petition and later an amended petition in which it is alleged, in substance, that plaintiff is a corporation authorized to write collision insurance in the State of Ohio.  Some time prior to November 6, 1954, for a valuable consideration it had written and issued a certain policy of insurance wherein it agreed to reimburse the insured, Raymond Adams, for all damages sustained to a certain Buick automobile in excess of $50.00; that on November 6, 1954, the insured was operating the said automobile northwardly on Reading Road, a public thoroughfare in the city of Cincinnati; that the defendant was operating an automobile in a southerly direction on said Reading Road; that by reason of the negligence of the defendant (McNeil) a collision resulted; that the insured's (Adams) automobile was damaged in the sum of $1,139.32.  The plaintiff then alleges that it paid the insured (Adams) $1,089.02 and became subrogated to the claim of Adams against the defendant.

The prayer of the amended petition is for judgment in favor of the plaintiff against the defendant in the sum of $1,089.02.  To that amended petition the defendant filed an amended answer and cross-petition.  The answer contains three defenses:  First, a general denial; second, that plaintiff is not the real party in interest; and third, that the negligence of the plaintiff's insured (Adams) was the sole proximate cause of the collision.

By way of cross-petition the defendant sets forth that as a result of the collision, which he claims was caused by the negligence of the plaintiff's insured he suffered bodily injuries, which injuries are set forth, and that he was damaged in the sum of $5,000.00. The prayer of the cross-petition is for judgment in that amount.

Thereafter, by agreement of counsel, a motion to strike the answer and cross-petition from the files was treated by the court as a demurrer. The court sustained the demurrer to the answer and cross-petition; defendant not desiring to plead further, the court dismissed the cross-petition at the defendant's costs. Thereupon an appeal was taken to this court on questions of law.

This court concluded that there being no judgment in the Municipal Court against either party that the sustaining of the demurrer to the cross-petition was not such a final order under the circumstances above set forth as to afford the defendant a right to appeal on questions of law. To that ruling the court still adheres.

Application was made for a rehearing which was granted, the court desiring to hear counsel on the question of whether, when a cross-petition was filed praying for a sum of money in excess of $2,000.00 it did not become the duty of the Municipal Court to forthwith certify the cause to this court for final determination. After the rehearing the court has concluded that the jurisdictional question is of paramount importance.

If it be assumed that the Municipal Court had jurisdiction to pass upon the demurrer the court erred in failing to sustain the demurrer to the amended petition. However, in view of the conclusion reached on the question of paramount importance that error is merely mentioned in passing.

The paramount question may be stated thus: Did the Municipal Court have jurisdiction to decide the question raised by the demurrer?

Subsection (E) of §1901.22 R. C., the present enactment with reference to certification of certain cases to the Court of Common Pleas, became effective after the repeal of §1558-10 GC.

By §1558-10 GC, it is enacted:

"When the amount due to either party exceeds the sum for which the Municipal Court is authorized to enter judgment, such party may remit the excess, and judgment be entered for the residue. A defendant need not remit such excess, and may withhold setting it out. A recovery for the amount set off and allowed, or any part of it, shall not be a bar to his subsequent action for the amount withheld."

That section was interpreted in at least three cases which arose in this county.

In Chambers, d. b. a. Radio Supply Co. v. Industrial Condenser Corp., 31 O. O. 154, it was held that under §1558-10 GC, the defendant had a right to proceed in accordance with the provisions of that section or to elect not to assert his claim in the Municipal Court but file a separate action in a tribunal having adequate jurisdiction to consider and determine his rights.

In Braun v. Pociey, 18 Oh Ap 370, decided by the Court of Appeals of this district, the court passed upon that same statute and held that

where the defendant set up his claim in the Municipal Court for a sum of money in excess of that court's jurisdiction a motion to certify was properly overruled.

In **Oglesby Granite Quarries v. Schott Monument Co., 4 O. O. 289,** also decided by the Court of Appeals of this district, it was held that:

"Where counter-claim and set-off is filed in excess of the jurisdictional amount, under the provisions of §1558-10 GC, the court has jurisdiction of such counter-claim or set-off to the limit of the jurisdictional amount and may render judgment for that amount."

"In such a case the defendant is not required to waive the excess. The judgment would not be a bar to a subsequent action to recover the excess."

Under the provisions of §1558-10 GC, a defendant who had a counter-claim, in which the prayer was for a sum of money greater than the jurisdiction of the court, would either be compelled to file a separate action or split his cause of action in order to receive relief.

The legislature, apparently to correct that situation, repealed §1558-10 GC, and passed what is now **subsection (E)** of §1901.22 **R. C. Subsection (E),** insofar as it is pertinent here, reads as follows:

"In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the common pleas court."

It should be noted that the language of **subsection (E)** of §1901.22 **R. C.,** is entirely different from the language of §1558-10 GC, and it is clearly manifest that the legislature intended by such subsection to change the procedure in this class of cases.

It is perfectly plain that where a defendant files a claim for an amount in excess of $2,000.00 (the jurisdictional limit of the Municipal Court of Cincinnati) it becomes the mandatory duty of that court to certify the entire case to the court of common pleas for determination.

Therefore, when the defendant filed the answer and cross-petition for personal injuries growing out of the same transaction which was the subject of the plaintiff's petition, the Municipal Court should have immediately certified the cause to the common pleas court for determination. This construction placed upon **subsection (E)** of §1901.22 **R. C.** gives effect to the plain language of the section and works toward the orderly administration of justice.

The law frowns upon multiplicity of actions. Under **subsection (E)** as presently in force, a defendant can file his cross-complaint in the court wherein plaintiff seeks redress and if such cross-complaint is for a sum in excess of the jurisdiction of the Municipal Court, the entire matter is certified to the Court of Common Pleas and there determined in one action.

Under §1558-10 GC, a plaintiff having a claim less than $2,000.00 could by his choice of the forum for trial force a defendant having a cross-complaint in excess of $2,000.00 into a multiplicity of actions. Defendant was forced in such case either to defend plaintiff's action in the Municipal Court and file his complaint in a separate action, or file his cross-complaint in the Municipal Court and thereafter bring a

separate suit for any excess over and above the jurisdictional amount of such court. That is the situation which was cured by the passage of subsection (E) of §1901.22 R. C.

Entertaining these views, it follows that the judgment of the Municipal Court sustaining the demurrer to the cross-petition of the defendant and dismissing such cross-petition should be and hereby is reversed and the cause is remanded to the Municipal Court with instructions to set aside the entry sustaining the demurrer and dismissing the cross-petition and directing that court to follow the provisions of subsection (E) of §1901.22 R. C., and certify the cause to the Common Pleas Court for determination.